IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JALAL TAMIR CLAGGETT,  \*
10225 STAGECOACH DR
HAGERSTOWN, MD 21740   \*

    Plaintiff,   \*

          \*   **Complaint for a Civil Case**

    v.   \*   Case No. GLR 23 CV 2765 AN

          \*

WASHCO MANAGEMENT CORP
1741 DUAL HIGHWAY, STE. B   \*
HAGERSTOWN, MD 21740

          \*

BONNIE HARRELL
11211 JOHN F KENNEDY DR #106   \*
HAGERSTOWN, MD 21742

          \*

CHARITY ATKINSON
1741 DUAL HIGHWAY, STE. B   \*
HAGERSTOWN, MD 21740

          \*

DAWN JOPPEY, CFO
1741 DUAL HIGHWAY, STE. B   \*
HAGERSTOWN, MD 21740

          \*

    Defendants.
        \*   \*   \*

## COMPLAINT

1. On August 28, 2023, I, Jalal Claggett contacted Washco Management Corp about renting a property at Rosewood Village.

2. On August 29, 2023, Bonnie Harrell, a property manager for Washco Management Corp, emailed me instructions for the rental application process, including listing all occupants, application fees, proof of income for one month, and providing a copy of his photo ID.

3. On August 31, 2023, I, Jalal Claggett, in good faith exercising any right, sent the requested documents and additional legal references to begin the application process.

4. On September 5, 2023, I, Jalal Claggett emailed the same documents to Charity Atkinson, primary property manager and Dawn Joppey, CFO of Washco Management Corp, whom both disregarded my correspondence. Bonnie Harrell, responded stating that they did not need the legal references and mentioned monthly income requirements.

5. On September 6, 2023, Bonnie Harrell informed me that they would not and did not accept my proposed tender accompanied with the application of collateral in amount equal to the sum of the Federal Reserve notes thus applied for. By doing so, she violated the Federal Reserve Act, Section 16, Part 2. She also mentioned that the transactions governed by the lease agreement are a rental contract. Thereafter asking me to please confirm if I wanted to move forward, so she could post the application fee to my account for payment. I tendered the payment, thus effecting the formation of the contract.

6. On September 7, 2023, I, Jalal Claggett received an adverse action attachment in an email from Bonnie Harrell, indicating I was denied a rental property due to income and credit report information. Despite tendering payment for the application fee and extending my social security number creating a consumer credit transaction, Bonnie Harrell failed in her duties and obligations of providing me with property in return for personal, family, or household purposes. Washco Management Corp has violated their obligations under 15 USC 1602(i).

7. I, Jalal Claggett subsequently sent multiple letters and notices to the defendants, including Dawn Joppey, CFO and Bonnie Harrell, via certified mail, requesting responses and resolution.

8. I, Jalal Claggett allege that the defendants violated the Equal Credit Opportunity Act. In good faith, I provided my social security number during the application process, creating a consumer credit transaction. I am claiming that their denial based on monthly income was unjust. According to Staples v. United States, 21 F.Supp. 737, "Income is not a wage or compensation from any type of labor".

9. I, Jalal Claggett assert that the Federal Reserve Act, Section 16, Part 2 allows for applications accompanied with tender like the one I submitted to serve as collateral security, which I believe the defendants did not acknowledge or act upon.

10. I, Jalal Claggett, as a consumer, further asserts that I used my social security card for obtaining property, and Washco Management Corp accepted it as part of the application process. Pursuant to 15 USC 1602(m).

11. I, Jalal Claggett claim that I am the cardholder under 15 USC 1602(n), and my rights were violated.

I assert that this court possesses jurisdiction to adjudicate my case based on the following legal grounds. Primarily, a breach of contract has transpired, stemming from multiple infractions of federal laws. One such infraction concerns the Equal Credit Opportunity Act, whereby I contend that Washco Management Corp violated the aforementioned law. It is imperative to underscore that, in my capacity as an applicant, I acted in good faith, diligently exercising my rights.

This is exemplified by the acceptance and utilization of my social security number to initiate a consumer credit transaction, the benefits were not forthcoming as prescribed by 15 USC 1602(i). Furthermore, Washco Management Corp stands accused of contravening the Federal Reserve Act, Section 16, Part 2, due to their nonacceptance of the tender accompanying my application, thus implicating federal jurisdiction.

In light of the circumstances described, I seek specific relief from the court to rectify the issues I have encountered. Primarily, I request that the court consider ordering Washco Management Corp to adhere to the terms of the contract and recognize my application as collateral security under the Federal Reserve Act. Furthermore, I seek redress for the perceived violation of credit protection laws, particularly the Equal Credit Opportunity Act, through potential damages or specific performance if deemed necessary. In scenarios where damages alone are deemed insufficient, I request the court to exercise its discretion in granting specific performance, compelling the breaching party to make earnest efforts to fulfill the contract's terms, including providing me with the rental property that I originally applied for. This relief, I believe, will be instrumental in resolving the issues arising from this contractual dispute and safeguarding my rights under federal law.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff,

10/2/2023
Date

*Signature* — All RIGHTS RESERVED

Jalal Tamir Claggett
c/o 10225 Stagecoach Dr
Hagerstown, MD. 21740
301-573-2515
jalal.claggett@gmail.com