UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 11, 2024

MEMORANDUM TO PARTIES RE: Claggett v. Washco Management Corp., et al.,
Civil Action No. GLR-23-2765

Dear Parties:

Pending before the Court is Defendants Washco Management Corp. ("Washco"), Bonnie Harrell, Charity Atkinson, and Dawn Joppey's (collectively, "Defendants") Motion to Dismiss (ECF No. 15) and self-represented Plaintiff Jalal Tamir Claggett's Motion to Seal Document[1] (ECF No. 7). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant both Motions.

**Background**[2]

This action arises from Claggett's attempt to rent property from Washco. (Compl. ¶ 1, ECF No. 1). On August 28, 2023, Claggett inquired about renting property from Washco at Rosewood Village. (Id.). Harrell, a property manager, responded with instructions on the application process. (Id. ¶ 2). Claggett submitted the required documentation, including the application fee, his social security number, proof of income, and identification. (Id. ¶¶ 3, 6). He also emailed the application to Atkinson, another property manager, and Joppey, Washco's CEO. (Id. ¶ 4). Harrell responded on September 6, 2023 to ensure that Claggett wanted to move forward with the application and pay the application fee. (Id. ¶ 5). Claggett responded affirmatively and "tendered the payment, thus [allegedly] effecting the formation of the contract." (Id.).

On September 7, 2023, Washco denied Claggett's application due to income and credit report information. (Id. ¶ 6). Claggett alleges that this denial constituted a breach of contract and a violation of various federal laws. (Id.).

Claggett filed his Complaint on October 12, 2023. (ECF No. 1). He makes the following claims: (1) breach of contract; (2) violation of the Federal Reserve Act, Section 16, Part 2, 12 U.S.C. § 412; (3) violation of the Consumer Credit Protection Act, 15 U.S.C. § 1602(i) and (n); and (4) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691a. (Compl. at 2–3). He seeks specific performance of the alleged contract and an unspecified amount of damages. (Id. at

---

[1] The Motion to Seal refers to Claggett's Power of Attorney, (ECF No. 8), which contains sensitive personal information. The Motion to Seal is unopposed and shall be granted.

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3). Claggett also filed the unopposed Motion to Seal on October 27, 2023. (ECF No. 7).

On December 20, 2023, Defendants filed the instant Motion to Dismiss. (ECF No. 15). Claggett filed an Opposition on February 7, 2024, (ECF No. 18), and Defendants filed a Reply on February 8, 2024, (ECF No. 21).

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe these complaints. See Johnson v. Silver, 742 F.2d 823, 825 (4th Cir. 1984). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Analysis**

Defendants argue that Claggett has failed to state a claim for which relief can be granted as to each of his claims. (Mem. Supp. Mot. Dismiss ["Mot. Dismiss"] at 1–2, ECF No. 15-1). The Court agrees for the reasons explained below.

**A.     Breach of Contract**

Maryland law appears to apply to Claggett's breach of contract claim. "A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits." Perini/Tompkins Joint Venture v. Ace Am. Ins. Co., 738 F.3d 95, 100 (4th Cir. 2013). For contract claims, "Maryland applies the law of the state in which the contract was formed . . . unless the

parties to the contract agreed to be bound by the law of another state." State Auto. Mut. Ins. Co. v. Lennox, 422 F.Supp.3d 948, 961 (D.Md. 2019). Here, Claggett does not expressly state that the alleged agreement was formed in Maryland, or that the parties agreed to be bound by another state's laws. From the facts provided, it appears that the contract was formed in Maryland, and the parties do not contest that Maryland law applies. The Court will thus apply Maryland law.

To state a claim for breach of contract in Maryland, a plaintiff "must show that the defendant owed him a contractual obligation and that the defendant breached that obligation." All Weather, Inc. v. Optical Sci., Inc., 443 F.Supp.3d 656, 666 (D.Md. 2020). Further, "[t]he claim must 'allege with certainty and definiteness facts showing a contractual obligation.'" Yarn v. Hamburger L. Firm, LLC, No. RDB-12-3096, 2014 WL 2964986, at *3 (D.Md. June 30, 2014) (quoting RRC Ne., LLC v. BAA Md., Inc., 994 A.2d 430, 442 (Md. 2010)). Maryland courts follow the "basic contract principle" that a contractual obligation cannot exist without "an offer by one party and an unconditional acceptance of that precise offer by the other." Int'l Waste Indus. Corp. v. Cape Env't Mgmt., Inc., 988 F.Supp.2d 542, 550 (D.Md. 2013) (quoting Lemlich v. Bd. of Trs. of Harford Cmty. Coll., 385 A.2d 1185, 1189 (Md. 1978)), aff'd, 588 F.App'x 213 (4th Cir. 2014). In other words, "[i]t is essential that the minds of the parties be in agreement on material terms in order for a contract to be established." Id. at 551.

Claggett has failed to show a contractual obligation or breach. Construing his Complaint liberally, he made an offer to Washco when he applied to rent property, and Washco rejected that offer after reviewing his application. Consequently, Claggett has failed to show acceptance of his offer or a meeting of the minds, and his breach of contract claim will be dismissed.

**B.      Violations of Federal Law**

Next, Claggett's claims for violations of federal law also fail. First, regarding the Federal Reserve Act, Section 16 Part 2, 12 U.S.C. § 412, this statute applies only to Federal Reserve banks, not corporations like Washco. It also does not create a civil cause of action for private plaintiffs. Accordingly, Claggett's claim under the Federal Reserve Act will be dismissed.

Second, the Consumer Credit Protection Act, 15 U.S.C. § 1602, is also inapplicable. The Act applies generally to "financial institutions and other firms engaged in the extension of consumer credit" to protect consumers against unfair credit and credit card practices. 15 U.S.C. § 1601(a). Here, Claggett has not alleged that he applied for credit or that Washco extends credit, and thus his claim will be dismissed.

Third, Claggett alleges that Defendants violated the Equal Credit Opportunity Act, which prohibits discrimination in "any aspect of a credit transaction." 15 U.S.C. § 1691(a). Again, Claggett has not alleged that his application to rent property was a credit transaction, and his claim must fail.

**Conclusion**

For the foregoing reasons, the Motion to Seal, (ECF No. 7), and the Motion to Dismiss, (ECF No. 15), are GRANTED. The Complaint, (ECF No. 1), is DISMISSED and the Clerk is

directed to CLOSE this case. The Clerk is further directed to MAIL a copy of this Order to Claggett. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

        Very truly yours,

        /s/
        George L. Russell, III
        United States District Judge